**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**Civil No. 02-4756 (JRT/FLN)**

CARLOTTA MADISON, CARMENLITA BROWN, IDRISSEN BROWN, ANTOINETTE COFFEY, DENISE CREWS, BERTHA GODFREY, ANTHONY HUDSON, RUDOLPH HUTCHINS, DENISE JACKSON-BARKER, GLADYSTINE JERRY, JETAUN KEMP, ZACHARIAH ROBERTS, SAMANTHA SHEPHERD, SHERRY WILLIAMS, and CHARLENE WRIGHT,

Plaintiffs,

v.

HENNEPIN COUNTY,

Defendant.

**ORDER DENYING PLAINTIFFS' JOINT MOTION TO CONSOLIDATE**

* * * * * * * * * * * * * * * *

**Civil No. 01-2394 (JRT/FLN)**

JAMES NOON and SYLVESTER RHINES,

Plaintiffs,

v.

HENNEPIN COUNTY and HENNEPIN COUNTY MEDICAL CENTER,

Defendants.

---

FILED JUL - 1 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ________
DEPUTY CLERK ________

David Shulman, SHULMAN & DORNBOS, 1005 W. Franklin Ave., Suite 3, Minneapolis, MN 55405, for plaintiffs Madison *et al.*

Richard T. Wylie, LAW OFFICE, 701 Fourth Avenue South, Suite 500, Minneapolis, MN 55415, for plaintiffs Noon and Rhines.

Beverly J. Wolfe and Cheri Sudit, Assistant County Attorneys, and Sara E. Wahl, Senior Assistant County Attorney, HENNEPIN COUNTY ATTORNEY'S OFFICE, 2000A Government Center, Minneapolis, 300 South Sixth Street, MN 55487, for defendant.

Plaintiffs in both of the above-captioned cases are current and former employees of Hennepin County Medical Center ("HCMC"). Both sets of plaintiffs allege that HCMC discriminated against them on the basis of race, and that HCMC maintains a policy or custom of racial discrimination. Plaintiffs jointly move to consolidate their cases pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)"). For the reasons discussed below, the motion is denied.

## BACKGROUND

*Madison et al.* is an action brought by fifteen individual plaintiffs who worked in various departments of HCMC. The *Madison* plaintiffs filed an action in Hennepin County District Court in November 2002, which defendant promptly removed to this Court. The *Madison* plaintiffs bring this action under the Minnesota Human Rights Act ("MHRA") and 42 U.S.C. § 1981, and allege that HCMC has developed a body of discriminatory employment practices that make it nearly impossible for Black[1]

[1] The *Madison* plaintiffs use the term "Black" because one plaintiff is a legal alien. For purposes of consistency and to avoid confusion or the use of duplicative terms, the Court adopts plaintiffs' practice for this motion.

employees to advance within the institution. The effects of this alleged discriminatory policy are different for the individual *Madison* plaintiffs. For example, nine plaintiffs make allegations of a hostile work environment, six plaintiffs claim they were subject to harsher discipline or unfair performance reviews, and several plaintiffs make claims of retaliation and discrimination in pay or discriminatory promotions or demotion policies.

*Noon,* brought by two plaintiffs who worked as security guards for HCMC, was filed in this Court in December of 2001. The *Noon* plaintiffs allege claims of race discrimination and harassment under 42 U.S.C. § 1981, Title VII, and the MHRA. In addition, the *Noon* plaintiffs assert violations of the equal protection clause of the Fourteenth Amendment and the Minnesota Government Data Practices Act. Plaintiff Noon also asserts a claim of common law defamation.

## ANALYSIS

This Court has discretion to order matters consolidated pursuant to Rule 42(a), which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The Rule requires only that there be a common question of law or fact, even if the claims arise out of independent transactions. 9 Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2382 (2d ed. 1995) ("Wright & Miller") (contrasting Rule 20(a) which requires both a common question **and** that claims arise out of the same transaction or occurrence).

The mere fact that a common question is present, however, does not mean that consolidation is advisable or that the Court must order it. *Id.* "Consolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998); *see also United States Env't Prot. Agency v. City of Green Forest, Ark.*, 921 F.2d 1394, 1403 (8th Cir. 1990) (affirming district court's refusal to consolidate and recognizing interests of expedition and economy). Consolidation may be denied if it will cause delay in the processing of one or more of the individual cases, or lead to confusion or prejudice in the management or trial of the case. Wright & Miller § 2383. Consolidation also may be inappropriate when one of the actions has proceeded further in the discovery process than the other. *Id.*

Plaintiffs claim that there are common questions of law or fact in both cases. Although defendants strenuously dispute this claim, the Court assumes that the "common question" requirement is satisfied for the purposes of this motion. Nonetheless, the Court will not order the cases consolidated, because consolidation would not "tend to avoid unnecessary costs or delay" but in fact would serve to unnecessarily postpone resolution of the *Noon* matter and unduly prejudice defendant. The *Noon* case is nearly ready for trial. The expert disclosure deadline has passed, discovery is scheduled to close June 2, 2003, and the ready for trial date is imminent. In stark contrast, the *Madison* matter was filed only recently, and the discovery cut-off and ready for trial date are two years away. The *Noon* matter is on the verge of resolution, while the *Madison* matter is just beginning. In this situation, it is inappropriate to order the matters consolidated. *See, e.g., Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1334 (10th

Cir. 1988) (district court properly denied plaintiff's motion to consolidate, made at eve of trial); *Henderson v. National R.R. Passenger Corp.*, 118 F.R.D. 440, 441 (N.D. Ill. 1987).

**ORDER**

Based upon the foregoing, the submissions of the parties, the arguments of counsel and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that plaintiffs' joint motion to consolidate [Civil No. 01-2394, Docket No. 12 and Civil No. 02-4756, Docket No. 7] is **DENIED**.

DATED: July 1, 2003
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge